**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASEY O. JONES,**

        **Plaintiff,**

**v.**                                                            **Case No: 6:22-cv-1751-WWB-DCI**

**COCOA BEACH POLICE DEPT. and**
**OFFICER NAME UNKOWN,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 9)** |
| **FILED:** | **November 17, 2022** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

## I.     Background

Plaintiff filed this action under 42 U.S.C. § 1983 against Defendants – Cocoa Beach Police Department and "officer name unknown." Doc. 1 at 1 (the Complaint).  Plaintiff alleges Defendants violated his Fifth and Eighth Amendment rights when they falsely arrested and detained Plaintiff for shoplifting beer. *Id*. at 2-3.  Plaintiff alleges he suffered mental anguish, mental stress, and embarrassment because of his detention. *Id*. at 4.  Plaintiff seeks two million dollars in damages. *Id*. at 5.  Defendants now move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 9 (the Motion).

II.     **Standard**

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (citation omitted)**.**  However, "[a]lthough we show leniency to pro se litigants, we will not serve as de facto counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Id*. (citation omitted).  With this standard in mind, the undersigned turns to the Complaint.

III.    **Discussion**

A.  Plaintiff's Claim against Cocoa Beach Police Department

Plaintiff sues two Defendants in this case: (1) Cocoa Beach Police Department; and (2) "officer name unknown." Doc. 1 at 1.  Sheriff's departments and police departments are generally not considered legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)

(citations omitted). The capacity to sue or be sued is determined by the law of the state in which the district court sits. *Id.* And under Florida law, police departments are not legal entities subject to suit. *Turner v. Homestead Police Dep't,* 828 F. App'x 541, 544 (11th Cir. 2020) ("Florida law provides that police departments lack 'the capacity to sue and be sued.'") (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)).

Accordingly, the undersigned respectfully recommends that Plaintiff's claim against Defendant Cocoa Beach Police Department be dismissed. *See D.L. v. Hernando Cnty. Sheriff's Office*, 2022 WL 3213423, at *3 (M.D. Fla. Aug. 9, 2022) ("In Florida, the proper party in interest in cases involving the unconstitutional conduct of police departments, is the city or municipal corporation to which the police department belongs.") (citing *Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989)); *see also Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996) ("The Court finds that Defendant Bradenton Police Department, is not a 'person' nor proper party for the purpose of this suit. Accordingly, it is ORDERED that the Motion to Dismiss of the Bradenton Police Department is granted …."); *Gary v. Fort Myers Police Dep't*, 2019 WL 7372505, at *2 (M.D. Fla. Dec. 31, 2019) ("The motion to dismiss will be granted because the Fort Myers Police Department is not a separate legal entity capable of being sued.").

B.  Plaintiff's Fifth Amendment Claim

The deficiencies in the Complaint extend beyond party identification. Specifically, Plaintiff filed suit against Defendants alleging violations of his Fifth and Eighth Amendment rights. Doc. 1 at 3. It is well established that the Fifth Amendment protects citizens against infringement by the federal government, not state government. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (citing *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir.1997); *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir.1989)). And here, Plaintiff

does not identify the federal government as a defendant. *See* Doc. 1.  Rather, Plaintiff identifies the Cocoa Beach Police Department and an unknown officer who presumptively works for that police department and, thus, the Fifth Amendment is inapplicable.[1]

Instead, the Fourteenth Amendment is the appropriate source of relief for Plaintiff.  *See Agostino v. City of Cape Coral*, 2:17-CV-135-FTM-99CM, 2018 WL 1071914 at *1 n.2 (M.D. Fla. Feb. 26, 2018) ("Civil rights claims brought against state actors are available only under the Fourteenth Amendment.") (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015)).

As such, the undersigned respectfully recommends Plaintiff's Fifth Amendment claim against Defendants be dismissed.

### C.  Plaintiff's Eighth Amendment Claim

It is equally well established that the Eighth Amendment only applies after a citizen has been convicted of a crime. *Weiland*, 792 F.3d 1313, 1328 ("And the Eighth Amendment is out because it applies only after a citizen has been convicted of a crime, and Weiland never was.") (citing *United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir.1992)).  When the alleged constitutional violations occur pretrial, before the citizen has been convicted of a crime, the appropriate source of relief is the due process clause of the Fourteenth Amendment. *Cagle v. Sutherland*, 334 F.3d 980, 985 (11th Cir. 2003) ("Because Butler was a pretrial detainee, his section 1983 claims are based on the due process clause of the Fourteenth Amendment.").

Here, Plaintiff alleges the violations occurred while he was initially detained and then released on bail. Doc. 1 at 2-3.  Plaintiff states he was never convicted of a crime and "the case

---

[1] Plaintiff identifies the Defendant as "officer name unknown" and the only identifying information Plaintiff provides is that this unknown officer arrested him on May 7, 2022.  Doc. 1 at 2-3.

was nolle prossed by the prosecutor." *Id*. at 3.   Accordingly, the due process clause of the Fourteenth Amendment is the appropriate source of relief, and the undersigned respectfully recommends the Eighth Amendment claim against Defendants be dismissed.

> D.  Leave to Amend

A pro se plaintiff generally must be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted).  If Plaintiff can identify the appropriate parties to sue,[2] and amend the constitutional sources, then a more carefully drafted complaint might state a claim upon which relief can be granted.  As such, the undersigned respectfully recommends the Complaint be dismissed without prejudice with leave to amend.

**IV.    Conclusion**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Complaint (Doc. 1) be **DISMISSED**.  It is recommended that Cocoa Beach Police Department be dismissed from this case with prejudice and that Plaintiff's claims pursuant to the Fifth and Eight Amendments be dismissed with prejudice.  But the undersigned otherwise recommends that the Complaint be

---

[2] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation*, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir.1997)).  "We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id*. (citing *Dean*, 951 F.2d at 1215–16).  Thus, in *Dean*, the Eleventh Circuit found that the exception applied where the pro se plaintiff provided a description of the John Doe defendant that "was sufficiently clear to allow service of process" on the correct individual.  *See Dean*, 951 F.2d at 1216.  As such, if the Court agrees with the undersigned's recommendation and permits leave to amend, Plaintiff should either omit "Officer Name Unknown" or provide allegations to specifically allow for identification of that individual or any other fictitious party for service of process.  *See Richardson*, 598 F.3d at 738 (finding that a description of the John Doe defendant as a guard at the Charlotte Correctional Institute was "insufficient to identify the defendant among the many guards employed at CCI").

dismissed without prejudice such that Plaintiff be permitted leave to file an amended pleading by a deadline set by the Court.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on February 23, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE