# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASEY O. JONES,

        Plaintiff,

v.   Case No.: 6:22-cv-1751-WWB-DCI

COCOA BEACH POLICE DEPT. and
OFFICER NAME UNKNOWN,

        Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 9). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 21), in which he recommends that the Motion be granted. Plaintiff filed Objections (Doc. 23).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous,

conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

In his objection, Plaintiff first raises arguments directed at the Motion to Dismiss not the Report and Recommendation. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R." *Hall v. Sargeant*, No. 18-cv-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quotation omitted). Thus, Plaintiff's first objection will be overruled.

Next, Plaintiff objects generally to the dismissal of the Cocoa Beach Police Department and his Fifth and Eighth Amendment claims. Plaintiff's objections are conclusory statements that the Defendants and claims in this case are proper but fail to direct this Court to any legal authority in support of those propositions. For the reasons stated in the Report and Recommendation, this Court disagrees. Plaintiff's second and third objections will also be overruled.

Finally, Plaintiff objects to the dismissal of his claims without prejudice and with leave to amend because it will delay the proceedings in this case. It is not clear that Plaintiff cannot state a claim if he makes the corrections noted in the Report and Recommendation and Plaintiff has not argued to the contrary. Therefore, the Court finds that granting leave to amend is proper. To the extent Plaintiff argues it will unnecessarily delay the proceedings, he appears to base this argument only on successfully arguing his first three objections because it is clear that without leave to amend these proceedings will be concluded altogether, not simply delayed. Thus, Plaintiff's fourth objection will also

be overruled. If Plaintiff does not wish to amend, he is free to voluntarily dismiss these proceedings in accordance with Federal Rule of Civil Procedure 41.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 23) are **OVERRULED**.

2. The Report and Recommendation (Doc. 21) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.

4. The Complaint (Doc. 1) is **DISMISSED with prejudice** as to Defendant Cocoa Beach Police Department and all claims arising under the Fifth and Eighth Amendments. In all other respects, the Complaint is **DISMISSED without prejudice**.

5. On or before **May 4, 2023**, Plaintiff may file an amended pleading in accordance with the Report and Recommendation and this Order. Failure to timely file an amended pleading may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 13, 2023.

---

[1] In his Objections, Plaintiff also requests the appointment of counsel. Plaintiff's request is not proper in accordance with Local Rule 3.01(a). If Plaintiff wishes to request the appointment of counsel he must do so by a properly filed motion that complies with Local Rule 3.01 and provides the legal authority under which he argues that his request could be granted.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party