UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CASEY O. JONES,**

   **Plaintiff,**

v.                  Case No: 6:22-cv-1751-WWB-DCI

**OFFICER NAME UNKNOWN and
BREVARD COUNTY SHERIFF'S
OFFICE,**

   **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Miscellaneous Relief to Mail Summons (Doc. 32)** |
| **FILED:** | **October 30, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

By Order dated September 26, 2022, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and directed the Clerk to mail summons(es) and Marshal 285 form(s) to Plaintiff. Doc. 5. On April 13, 2023, the Court dismissed the Complaint with prejudice as to Defendant Cocoa Beach Police Department and all claims under the Fifth and Eighth Amendments but allowed Plaintiff to file an amended pleading. Doc. 27. On May 5, 2023, Plaintiff filed an Amended Complaint against an unknown officer and the Brevard County Sheriff's Office. Doc. 28.

On August 29, 2023, the Court directed Plaintiff to show cause why this case should not be dismissed for failure to effect service on Defendants. Doc. 29. Plaintiff responded but the Court found that he failed to state how his efforts complied "with Federal Rule of Civil Procedure 4(j), which governs service on local governments." Doc. 31. As such, the Court directed Plaintiff to perfect service on Defendants in accordance with Rule 4(j), and file proof thereof, on or before October 27, 2023. *Id*.

On or about October 30, 2023, Plaintiff filed a "Certificate of Service" which the Court construes as a request for a summons and Marshal form for Defendant Brevard County Sheriff's Office. Doc. 32 (the Motion). Plaintiff states that he is on a fixed income and has limited funds and moves for the Court to allow his case to proceed. *Id*. Plaintiff also "requests legal help in this matter in the form of being appointed legal counsel." *Id*.

Upon due consideration, the Motion is due to be granted to the extent that the Court has previously determined that Plaintiff may proceed as a pauper and the Court will send an additional summons and Marshal form. With respect to Plaintiff's apparent request for an appointment of counsel, as stated in the Court's Order denying Plaintiff's previous request for the same relief, there is no absolute right to counsel in civil cases and an appointment of counsel is warranted only in "exceptional circumstances." *See* Doc. 16 at 2 (quoting *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Again, Plaintiff has not alleged any facts from which the Court can determine that "exceptional circumstances" exist, and Plaintiff has thus far been able to litigate the case. With no memorandum or additional facts, the request still fails.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 32) is **GRANTED in part** to the extent that the Clerk shall mail a summons and a Marshal 285 form to Plaintiff. Plaintiff shall complete and return the

summons and Marshal 285 form for Defendant Brevard County Sheriff's Office to the Court on or before the fifteenth day after the date the Clerk mails the summons and Marshal 285 form. The Clerk is directed to provide the completed summons and Marshal 285 form to the United States Marshal. Upon receipt of the completed summons and Marshal 285 form, **the United States Marshal is directed to serve the summonses without cost to Plaintiff**;

2. The remainder of the Motion (Doc. 32) is **DENIED without prejudice**;

3. The Court's Order to Show Cause (Doc. 29) remains pending.  *See also* Doc. 31.

**DONE AND ORDERED** in Orlando, Florida on December 15, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties