UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


CASEY O. JONES,

     Plaintiff,

v.                                                                                  Case No: 6:22-cv-1751-JSS-DCI

OFFICER NAME UNKNOWN and
BREVARD COUNTY SHERIFF'S
OFFICE,

     Defendants.
_____/

## **ORDER**

Wayne Ivey, in his official capacity as Sheriff of Brevard County, Florida, moves to dismiss Plaintiff's amended complaint (Dkt. 28) for failure to state a claim and as a shotgun pleading. (Dkt. 43.) Plaintiff, who is proceeding pro se, has not responded to the motion, and the time for responding has passed. *See* M.D. Fla. Loc. R. 3.01(c). Upon consideration, the court grants the motion for the reasons outlined below.

## **BACKGROUND**[1]

"Beer was supposedly stolen" on January 28, 2022, from a 7-Eleven convenience store in Cocoa Beach, Florida. (Dkt. 28 at 2.) Plaintiff—who "suffers

---

[1] The court accepts the well-pleaded factual allegations in the amended complaint as true and construes them in the light most favorable to Plaintiff. *See Christy v. Sheriff of Palm Beach Cnty.*, 288 F. App'x 658, 664 (11th Cir. 2008).

from borderline mental retardation" and lives on a fixed monthly income from the Social Security Administration—was charged with shoplifting related to the incident. (*Id.* at 1–3.)  That charge was "later revealed" to be "false." (*Id.* at 2.)

On February 21, 2022, a capias warrant "was issued to [the] Brevard County Sheriff's Office" regarding the shoplifting charge. (*Id.*)  On May 7, 2022, Defendants arrested Plaintiff pursuant to the warrant. (*Id.*)  Plaintiff "spen[t] several hours in the Brevard County Jail," paid a $100 bond, and was released. (*Id.*)  Plaintiff also paid $20 "to a close friend" who "g[ave] him a ride from the jail." (*Id.*)  Plaintiff suffered "mental anguish and stress" from the "embar[r]assing" and "humiliating" experience of "sitting in jail." (*Id.* at 3–4.)  In addition, since his arrest, his "neighbors and others in the community refer to [him] as the 'beer bandit'" and no longer trust him. (*Id.* at 4.)

On June 7, 2022, Plaintiff pleaded guilty to the shoplifting charge, waiving counsel, and "was ordered to pay court fines, costs, [and] restitution" and to take a "shoplifting class." (*Id.* at 2.)  Plaintiff based his decisions to plead guilty and to waive counsel on a "sworn complaint" alleging that he was caught "on video." (*Id.* at 2, 4.)  He "later learn[ed] that there was no such video." (*Id.* at 4.)  On June 21, 2022, Plaintiff moved to withdraw his guilty plea as involuntary. (*Id.* at 2–3.)  This motion was eventually granted, and Plaintiff pleaded not guilty on August 2, 2022. (*Id.* at 3.)  "Once [his guilty] plea was withdrawn[,] [he] was appointed counsel[,] who falsely advised [him] that the state had a video of him." (*Id.* at 4.)  On August 29, 2022, the

criminal case against Plaintiff was dismissed through a nolle prosequi because Plaintiff had asked to see the video, which did not exist. (*Id.* at 3–4.)

On September 23, 2022, Plaintiff filed the initial complaint in this case. (Dkt. 1.)  The complaint did not contain counts but was divided into sections labelled "Jurisdiction," "Statement of Facts," "Argument," "Conclusion," "Relief Sought," "Oath," and "Certificate of Service." (*Id.*)  Pursuant to 42 U.S.C. § 1983, Plaintiff sought $2 million from the Cocoa Beach Police Department and Officer Name Unknown for alleged constitutional violations. (Dkt. 1 at 1.)  Specifically, Plaintiff alleged that he was deprived of his liberty and property without due process of law, in violation of the Fifth Amendment, and that his experience in jail amounted to cruel and unusual punishment under the Eighth Amendment. (*Id.* at 3.)  Plaintiff asserted his $120 costs for bond and transportation as the deprivation of his property and the several hours that he sat in jail as the deprivation of his liberty. (*Id.* at 2–4.)

On a motion to dismiss (Dkt. 9), the court dismissed the Cocoa Beach Police Department as an improper defendant and advised Plaintiff either to delete the unknown officer as a defendant or to identify the officer through sufficiently specific allegations. (Dkts. 21 & 27.)  The court also dismissed Plaintiff's claims as having been brought under the wrong constitutional provisions. (*Id.*)  Plaintiff was allowed to amend his complaint to correct these deficiencies. (*Id.*)

Plaintiff filed his amended complaint on May 5, 2023. (Dkt. 28.)  In it, he relays the same facts as in his initial complaint, still seeks $2 million for constitutional violations under § 1983, divides his pleading into the same sections as before, still does

not use counts, and still sues Officer Name Unknown.  (Dkt. 28.)  However, Plaintiff has replaced the Cocoa Beach Police Department for the Brevard County Sheriff's Office as a defendant and no longer specifies a constitutional basis for his claims.  (*Id.*) Additionally, although Plaintiff still alleges that Defendants deprived him of liberty and property without due process of law, he now describes his experience as a false arrest.  (*Id.* at 3–4.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a compliant to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  This rule also provides that for the sake of clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  *Id.*  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

On "a motion to dismiss for failure to state a claim, [a court] accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff."  *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th

Cir. 2019).  The "complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007)). "A complaint is facially plausible where there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[C]onclusory allegations, unwarranted deductions of facts[, and] legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "Pro se litigants, however, are required to conform to procedural rules."  *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022).  Although the rule against shotgun pleadings "applies to everyone," courts "ordinarily give pro se litigants more leeway when it comes to drafting."  *Pinson*, 942 F.3d at 1208.

## ANALYSIS

The Sheriff seeks dismissal on the grounds that the amended complaint is a shotgun pleading, the Brevard County Sheriff's Office and Officer Name Unknown are improper defendants, and any false-arrest claim asserted in the amended complaint must fail because Plaintiff inadequately alleges a lack of probable cause.  (Dkt. 43 at 2–8.)  The court addresses these topics in turn.

### 1. Shotgun Pleading

The Sheriff argues that the amended complaint is a shotgun pleading because it does not give Defendants adequate notice of the claims against them. (*Id.* at 3–4.) The court agrees. Because Plaintiff does not set out his claims in discrete counts or specify a constitutional basis for his claims, it is unclear whether the amended complaint contains only false-arrest claims against Defendants or other claims as well. Given this lack of clarity, the court will dismiss the amended complaint as a shotgun pleading. *See Harapeti v. City of Miami Beach*, No. 1:23-cv-24018-LEIBOWITZ, 2024 U.S. Dist. LEXIS 97323, at *2 (S.D. Fla. May 30, 2024) (dismissing a complaint as a shotgun pleading when the plaintiff did "not separate[] into discrete counts each cause of action or ma[k]e clear what legal authority g[ave] rise to each count"). Moreover, if the amended complaint contains more than just false-arrest claims, it is a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.[2]

## 2. Improper Defendants

The Sheriff maintains that the Brevard County Sheriff's Office cannot be sued and that the proper defendant is "Wayne Ivey, in his official capacity as Sheriff of Brevard County." (Dkt. 43 at 5–6.) He further contends that Officer Name Unknown should be dismissed as a fictitious party whose identity cannot be discerned from the amended complaint. (*Id.* at 6–7.) The court agrees on both points. Like police

---

[2] If the amended complaint contains only false-arrest claims, those claims fail for the reasons discussed in the "False Arrest" section of this Order.

departments, sheriff's offices "are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits," and "Florida law has not established [s]herriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013). Thus, the Brevard County Sheriff's Office is not a proper defendant. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (holding that a Florida municipal police department lacks the capacity to be sued). Regarding Officer Name Unknown, "fictitious-party pleading is not permitted in federal court," subject to a "limited exception" that applies when the plaintiff's description of the defendant is highly specific. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). In *Richardson*, the Eleventh Circuit held that it was not enough for the pro se plaintiff to describe a defendant as an unknown guard at a named prison when the prison employed "many guards" at the time of the complained-of conduct. *Id.* Similarly, Plaintiff must do more than describe Officer Name Unknown as employed by the Brevard County Sheriff's Office and involved in his arrest. (*See* Dkt. 28 at 2–3.) Because the Brevard County Sheriff's Office and Officer Name Unknown are improper defendants and Plaintiff does not name any other defendants in his amended complaint, the court will dismiss the amended complaint. *See Vestal v. First Recovery Grp., LLC*, 292 F. Supp. 3d 1304, 1313–14 (M.D. Fla. 2018) (dismissing a complaint on improper-defendant grounds).

### 3. False Arrest

Finally, the Sheriff asserts that any false-arrest claim in the amended complaint must fail because Plaintiff does not plausibly plead that his arrest lacked probable cause. (Dkt. 43 at 7–8.)  The court agrees.  "The existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004), *abrogated on other grounds by Nieves v. Bartlett*, 587 U.S. 391, 400 (2019).  Plaintiff does not mention probable cause—or the lack thereof—in his amended complaint, but he does allege that he was arrested pursuant to a capias warrant. (Dkt. 28 at 2.)  "[A]n arrest under a capias warrant cannot be a false arrest, so long as the capias is validly issued." *Hernandez v. Wells*, No. 8:21-cv-1488-KKM-UAM, 2023 U.S. Dist. LEXIS 232624, at *43 (M.D. Fla. Nov. 30, 2023).  Even construed liberally, *see Tannenbaum*, 148 F.3d at 1263, the amended complaint does not plausibly allege that the warrant was invalid. (*See* Dkt. 28.)  Plaintiff's conclusory claim that his shoplifting charge was "later revealed" to be "false" does not suffice. (*Id.* at 2.)  *See Oxford Asset Mgmt.*, 297 F.3d at 1188.  "Probable cause to arrest exists when law[-]enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992).  The amended complaint is silent as to what any officers involved in Plaintiff's arrest knew about the facts and circumstances surrounding the arrest, including what they knew about the nonexistent video that supposedly captured

Plaintiff committing the offense.  (*See* Dkt. 28.)  Because the amended complaint does not plausibly plead a lack of probable cause for the arrest, any false-arrest claims must be dismissed.  *See Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming the dismissal of false-arrest claims asserted under § 1983 when the pro se plaintiff failed to raise any non-conclusory allegations that would have allowed the court to infer a lack of probable cause).

## CONCLUSION

Accordingly:

1.  The Sheriff's motion (Dkt. 43) is **GRANTED**.

2.  The amended complaint (Dkt. 28) is **DISMISSED with prejudice** as to Defendant Brevard County Sheriff's Office and **DISMISSED without prejudice** in all other respects.

3.  On or before August 19, 2024, Plaintiff may file a Second Amended Complaint consistent with this Order.  Failure to timely file a Second Amended Complaint may result in the dismissal of this case without further notice.

    **ORDERED** in Orlando, Florida, on July 26, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties